UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
----------------------------------------x
                                        :
HONOR DICICCO                           :   CIVIL ACTION NO.
    Plaintiff                           :
                                        :
v.                                      :   JURY TRIAL REQUESTED
                                        :
KINDERCARE EDUCATION LLC                :   FEBRUARY 5, 2016
    Defendant                           :
----------------------------------------x
```

## COMPLAINT

**INTRODUCTION:**

1. This is an action to redress interference and retaliation in violation of the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C § 2612 *et seq.*

**JURISDICTION:**

2. Jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §1331, federal question jurisdiction, as the Plaintiff's claims arise under the laws of the United States, specifically, the FMLA.

**PARTIES:**

3. The Plaintiff in this matter, Honor DiCicco (hereinafter, "the Plaintiff"), was at all times relevant to this Complaint a resident of the Town of Glastonbury, State of Connecticut.

4. The Defendant in this matter is Kindercare Education LLC (hereinafter, "the Defendant or the Defendant company"), is a corporation organized under the laws of the State of Delaware, with a corporate headquarters located a 650 NE Holladay Street, Suite 1400, Portland, Oregon.

1

5. The Defendant operates a Connecticut place of business at 30 Nutmeg Lane in Glastonbury, Connecticut where it provides childcare services.

**ALLEGATIONS:**

6. Plaintiff began working for the Defendant in 1990 in the position of Assistant Director and continued in this position for a number of years.

7. In approximately April and May of 2014, Plaintiff was under care with her physicians for mental health conditions, including stress and anxiety.

8. On May 19, 2014, the Plaintiff submitted a request for medical leave pursuant to the FMLA, which was completed by her physician.

9. The Defendant approved Plaintiff's FMLA request and Plaintiff took leave for approximately ten (10) weeks, returning on to work at the end of July of 2014.

10. Following Plaintiff's return from FMLA leave, she was met with hostility by her co-workers and management and all of her managerial responsibilities were taken away.

11. For example, Plaintiff had previously been responsible for completing the weekly schedule for years. This responsibility was taken away from her.

12. Furthermore, the Defendant tried to coerce the Plaintiff to completely step down from her Assistant Director position and accept a demotion to a regular teacher position, to which the Plaintiff refused.

13. After Plaintiff refused to step down from the Assistant Director position, the Defendant unilaterally changed her title to "Health and Safety Coordinator" and reduced her hours.

14. Moreover, the hours the hours that Plaintiff was assigned were at the least desirable times work times.

15. The person who replaced Plaintiff as Assistant Director, Jen Farrol, stated to Plaintiff that she had been gone from work for so long that she had to step in to "pick up the slack" for the Plaintiff.

16. Thereafter, Plaintiff's employment was terminated on December 19, 2014.

**COUNT ONE:** Interference in violation of the Family Medical Leave Act 29 U.S.C. § 2612 et seq.

1. Plaintiff repeats and re-alleges paragraphs 1 through 16 inclusive above, and incorporates them as paragraphs 1 through 16 of this First Count as if fully stated herein.

17. The Plaintiff was an eligible employee under the FMLA, the Plaintiff was entitled to a leave under the FMLA, and the Plaintiff applied for and utilized leave under the FMLA.

18. The Defendant interfered with Plaintiff's right to be restored to her position or an equivalent one after utilizing FMLA leave by demoting her and then later terminating her employment.

19. As a result of the Defendant's interference with the Plaintiff's right to be restored to her position following the use of FMLA leave, the Plaintiff has suffered a loss of wages and employment benefits and will continue to suffer the loss of same, all to her loss and detriment.

20. As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred, and will continue to incur, attorney's fees and costs in order to obtain the rights to which she is entitled.

**COUNT TWO:**     **Retaliation Pursuant to the Family Medical Leave Act 29 U.S.C. § 2612 *et seq.***

1.     The Plaintiff repeats and re-alleges Paragraphs 1 through 16 above as Paragraphs 1 through 16 of this Second Count as if fully set forth herein.

17.    The Plaintiff was an eligible employee under the FMLA, the Plaintiff was entitled to a leave under the FMLA, and the Plaintiff requested and utilized medical leave under the FMLA.

18.    The Plaintiff was retaliated against and subject to adverse employment actions for attempting to exercise and/or exercising his rights under the FMLA in that she was denied demoted and ultimately terminated because of her use of FMLA leave.

19.    As a result of the Defendant's violation of the FMLA, the Plaintiff has suffered a loss of wages and employment benefits and will continue to suffer the loss of same, all to her loss and detriment.

20.    As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred, and will continue to incur, attorney's fees and costs in order to obtain the rights to which she is entitled.

**WHEREFORE,** the Plaintiff requests the following relief:

1. That the Court assume jurisdiction over this matter;

2. back pay;

3. reinstatement or front pay;

4. attorneys' fees and other allowable costs;

5. damages for emotional distress;

6. punitive damages; and

7. such other relief as the Court deems just and appropriate.

THE PLAINTIFF,
HONOR DICICCO

By: _____
Michael J. Reilly, Esq.
Federal Bar No. ct28651
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-1657
Fax: (860) 296-0676
Email: mreilly@cicchielloesq.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------x
:
HONOR DICICCO                : CIVIL ACTION NO.
   *Plaintiff*              :
:
v.                           : JURY TRIAL REQUESTED
:
KINDERCARE EDUCATION LLC     : FEBRUARY 5, 2016
   *Defendant*              :
-------------------------------------------------x

## REQUEST FOR TRIAL BY JURY

The Plaintiff, Allan Boreland, hereby requests trial by jury in the above-captioned matter.

THE PLAINTIFF,
HONOR DICICCO

By: _____
Michael J. Reilly, Esq.
Federal Bar No. ct28651
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-1657
Fax: (860) 296-0676
Email: mreilly@cicchielloesq.com